SULLIVAN, Judge
(concurring in part and in the result):
I agree with the majority’s resolution of Issue I and part of its resolution of Issue III. I agree with the result reached on Issue II. However, I have come to this conclusion for a different reason.
Regarding the defense request for expert assistance (Issue II), the military judge did not err because the defense could not adequately explain why the expert was “necessary” under the test laid out by this Court in United States v. Gonzalez, 39 MJ 459, 461 (CMA 1994). The first prong of this test asks “[w]hy the expert assistance is needed?” and the second prong asks “[w]hat would the expert assistance accomplish for the accused?” Id. In arguing necessity, appellant did not explain why a knowledgeable and prepared defense counsel could not achieve the same results (ie., suggesting that the victims had been influenced, coached, etc.) on cross-examination as putting an expert witness on the stand to testify directly. Certainly, expert testimony would have been “helpful,” as appellant pointed out. However, helpfulness alone is not enough to demonstrate necessity.
With respect to the Staff Judge Advocate’s recommendation (Issue III), appellant has failed to establish error, never mind plain error. Appellant argued on appeal that the Staff Judge Advocate’s recommendation did not reflect the portion of the specifications that the military judge dismissed when he granted the defense motions for findings of not guilty. See RCM 917, Manual for Courts-Martial, United States (1995 ed.). The Rules for Courts-Martial, however, state that the “findings and sentence adjudged by the court-martial” must be included in the recommendation. RCM 1106(d)(3)(A) (emphasis added). In my view, both the Staff Judge Advocate’s recommendation and the General Court-Martial Order accurately reflect the findings and sentence adjudged by the court-marital as required by this rule. In any event, as explained by the majority, appellant suffered no prejudice in this case. Accordingly, I affirm.